USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/16/2025

# OFSHTEIN LAW FIRM, P.C.

*398 KINGS HIGHWAY*
*BROOKLYN, NY 11223*
*TEL: (718) 455-5252*
*FAX: (718) 455–5255*

**MEMORANDUM ENDORSED**

January 15, 2025

**VIA ECF**
Honorable Judge Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007

**Plaintiff**: Sade Steeley
**Index #**: 1:24-CV-09131
**File #**: 23MVX3557
**DOA**: September 16, 2023

Dear Honorable Judge Woods:

    I hope this letter finds the Court well. My office represents Plaintiff, Sade Steeley in this matter. This letter is submitted in accordance with the Courts directions at the January 6, 2025, conference regarding Plaintiff's demand for a jury trial. I submit this letter to request the Court grant an extension of time to file a demand for a jury trial.

    By way of background, this matter was commenced in New York Supreme Court, Bronx County and was removed to the Southern District of New York on November 27, 2024. On December 6, 2025, this Honorable Court issued an Order directing the parties to file a demand for a jury trial if they wish to have one. Due to an oversight related to the removal, my office was unaware of the Court's order and did not file such a demand. At no point did the Plaintiff ever intend to waive a jury trial. As this matter originated in State Court, where the practice is to demand a jury trial when the Note of Issue is filed, the plaintiff fully intended to have this matter decided by a jury.

    On January 2, 2025, my office was informed of the upcoming conference with the court scheduled for January 6, 2025. It was then that my office became aware of the court's order and that the deadline to file a demand for a jury trial had passed. Upon learning of the order, we immediately filed our notice of appearance and worked with the parties to submit a proposed discovery plan. In the proposed order negotiated by the parties we have included the parties intend for this matter to be decided by a jury.

    Fed Civ P. 6(b) provides this court with authority to extend the time provided by a rule act. Rule 6(b) provides in part: "In general, when an act may or must be done, within a specified time, the court may, for good cause extend the time with or without a motion if the court acts…".

In this case, good cause exists. This matter commenced in state court where the practice is to make a demand for a jury trial when discovery is complete. This case was removed by the defendants to the Southern District. Due to an oversight with the removal, my office was unaware of the Court's order until the time to file a demand for a jury trial expired. As soon as my office became aware of the court's order, a notice of appearance was filed, and a proposed discovery plan was negotiated between the parties where the issue of a jury trial was addressed. At this early stage in this matter where discovery has just begun the parties will not be prejudiced or surprised. This is a personal injury case which traditionally are tried before a jury. Discovery has just commenced, and a trial date has not been scheduled. Moreover, the parties have been consulted and do not object.

Plaintiff submits this letter after its review of all parties and who do not object to the Plaintiff' request. We therefore respectfully ask this Court to approve the Plaintiff's request to have an extension of time to file a demand for a jury trial.

Thank you.

*Very truly yours,*

*/s/ Moshe Katz*

*Moshe Katz*

---

Application granted. Plaintiff's January 15, 2025 motion for an extension of time to file a demand for a jury trial is granted. Federal Rule of Civil Procedure 6(b)(1)(B) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, good cause exists to extend the time to file a demand for a jury trial, as Plaintiff failed to act because of excusable neglect. This action was removed on November 27, 2024. Dkt. No. 1. Pursuant to Fed. R. Civ. P. 81(c)(3), the demand for a jury trial in this matter was due by December 11, 2024. However, counsel for Plaintiff did not file a notice of appearance until January 2, 2025. Dkt. No. 9. Defendants do not object to Plaintiff's request. Accordingly, the Court finds good cause to extend the time to file a jury demand. The deadline for either party to file a jury demand is extended to January 24, 2025.

Additionally, the docket does not indicate that Mr. Katz has personally filed his notice of appearance in this case. Mr. Katz is again directed to file his notice of appearance by no later than January 24, 2025. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 19.

SO ORDERED.

Dated: January 16, 2025
New York, New York

GREGORY H. WOODS
United States District Judge